# NO. 17-10066
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

**In Re: TERRY DARNELL EDWARDS,**
Movant

**CONSOLIDATED WITH 17-70003**

**TERRY DARNELL EDWARDS,**
Petitioner - Appellant
v.
**LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,**
Respondent – Appellee
_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION
Trial Court No. 3:10-CV-00006-M
_____

**PETITIONER-APPELLANT'S MOTION TO STRIKE**

**EXECUTION SCHEDULED:**
**JANUARY 26, 2017**
_____

CARL DAVID MEDDERS
Burleson, Pate, & Gibson, L.L.P.
900 Jackson Street, Suite 330
Dallas, Texas 75202
Telephone: (214) 871-4900
Facsimile: (214) 871-7543
Email: dmedders@bp-g.com
COUNSEL FOR
PETITIONER - APPELLANT
TERRY DARNELL EDWARDS

Petitioner Terry Edwards, by counsel, respectfully requests, that the Court amend and vacate portions of the Unpublished Opinion and Order (hereinafter "Order") entered against him on January 25, 2017 in No. 17-10066. The ground for this request is that, because this Court found that Mr. Edwards's 60(b) motion was a successive habeas claim (Doc. 00513849094 at 8), it should not have ruled on whether or not Mr. Edwards had met his burden of showing extraordinary circumstances or timeliness as would justify 60(b) relief (Doc. 00513849094 at 9-16). Because the Court found that Mr. Edwards's Motion in front of the District Court was a successor petition, it did not have jurisdiction to consider, a threshold question, and should not have issued an opinion regarding, the merits of his underlying 60(b) claim.

Accordingly, the Court should amend its judgment and vacate the improper portions, contained in pages 9-16, against Mr. Edwards.

The grounds in support of this motion are the following:

On January 25, 2017, this Court issued an Unpublished Opinion and Order concluding that Mr. Edwards's 60(b) motion in the district court below was a successive habeas claim and denied relief (Doc. 00513849094 at 2). It further concluded, in the alternative, that he was "not entitled to Rule 60(b) relief" in any event (*Id.*). Because this Court found that Mr. Edwards's Motion was a successive habeas petition, over which it had no jurisdiction, it had no authority to

rule on the merits of whether or not Mr. Edwards had met Rule 60(b)'s timeliness and extraordinary circumstances requirements.

In *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83 (1998), the Supreme Court explicitly declined to allow federal courts to proceed to the merits of a case when the court believes that no jurisdiction exists. The Court held that such action would:

> carr[y] the courts beyond the bounds of authorized judicial action and thus offend[] fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

*Id*. at 94 (quoting *Ex parte McCardle*, 19 L.Ed. 264 (1868)). Writing for the majority, Justice Scalia unequivocally stated that when a court decides an issue "when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Id*. at 101-02.

The following year, writing for a unanimous Court in *Ruhrgas v. Marathon Oil Company*, 526 U.S. 574 (1999), Justice Ginsburg reiterated this long-standing principle, noting that "a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits." *Id*. at 577 (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998).

The Fifth Circuit has also long respected the jurisdictional constraints of

the federal courts and has clearly stated that "it would be inappropriate to enter any judgment on the merits when the dismissal is based on lack of subject matter jurisdiction." *Verret v. Elliot Equipment Corp.*, 734 F.2d 235 (5th Cir. 1984) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981). In *United States v. Texas Tech University*, 171 F.3d 279 (5th Cir. 1999), the Fifth Circuit, acknowledging *Steel Co. v. Citizens for a Better Environment*, *supra*, held that for a federal court "[t]o rule on a merits question before, or in addition to, answering the omnipresent jurisdictional question would contravene the well-established principle that the federal courts may not issue advisory opinions." *Id.* at 286 (internal citations omitted). "In sum, we cannot hold that we possess no authority to hear a case, and then proceed to decide the statutory issue presented in the case...Nor can we assume jurisdiction to decide that the statute creates no cause of action and then brush away the jurisdictional question as unnecessary to address for the reason that, in either event, the sum of the relief granted equals zero." *Id.* at 287 (internal citations omitted).

More recently in *Hix v. United States Army Corps of Engineers*, 155 Fed. Appx. 121 (5th Cir. 2005) (unpublished), the Fifth Circuit vacated the portion of a district court's opinion that reached the merits despite a jurisdictional defect. The Fifth Circuit noted that, "[w]hen a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim." *Id.* at 5

3

(quoting *Stanley v. Central Intelligence Agency*, 639 F.2d 1146 (5th Cir. 1981)). The circuit court found that the district court erred both when it granted summary judgment and when it dismissed the claims with prejudice, "which also operates as a judgment on the merits." *Id*. at 5-6. Because the court concluded that it lacked jurisdiction, its only function was to announce that fact and dismiss the cause.

Because this Court found that it had no jurisdiction to consider Mr. Edwards's underlying 60(b) motion, this Court could not assume jurisdiction to resolve any issues presented in that action. This Court, therefore, should not have resolved any non-jurisdictional issues, including his ability to meet 60(b)'s timeliness and extraordinary circumstances requirements.

ACCORDINGLY, Mr. Edwards respectfully requests that the Court vacate Section 3 of the judgment entered on January 25, 2017 and amend the opinion to remove the portions inconsistent with this Court's finding that he had not met the requirements for a proper 60(b) motion.

Respectfully submitted,

/s/ Carl David Medders
CARL DAVID MEDDERS
Burleson, Pate, & Gibson, L.L.P.
900 Jackson Street, Suite 330
Dallas, Texas 75202
Telephone: (214) 871-4900
Facsimile: (214) 871-7543
Email: dmedders@bp-g.com

COUNSEL FOR
PETITIONER - APPELLANT
TERRY DARNELL EDWARDS

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2017, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing and its viewing and downloading are thereby provided to call counsel of record by cooperation of the CM/ECF system.

/s/ Carl David Medders
CARL DAVID MEDDERS